Filed 5/20/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077322 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F01626) |
| v. | |
| SHYLOW MENYON THERMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Gerrit W. Wood, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, John G. McLean, Deputies Attorney General, for Plaintiff and Respondent.

Defendant Shylow Menyon Therman pled no contest to false imprisonment and admitted a prior strike conviction.  The trial court sentenced defendant to four years in

1

state prison and issued a criminal protective order pursuant to Penal Code[1] section 136.2, prohibiting defendant from contacting the victim for a period of five years.

Defendant's sole contention on appeal is that the trial court lacked authority to impose the no-contact order. The People concede error. We reject the People's concession and affirm.

FACTUAL BACKGROUND

On May 13, 2014, defendant was charged with residential burglary, making criminal threats, and inflicting corporal injury on his spouse.

On June 16, 2014, defendant pled no contest to felony false imprisonment, a reasonably related offense to inflicting corporal injury on his spouse, for a stipulated sentence of four years in state prison. The prosecutor recited the factual basis for the plea as follows: "On or about March 7th, 2014, in Sacramento County, the defendant, Shylow Therman, did commit a felony violation of Penal Code section 236, felony false imprisonment, as reasonably related to the crime [inflicting corporal injury on a spouse], in that Mr. Therman did, with force and/or violence, force [his spouse] to stay somewhere without her consent." The trial court accepted defendant's plea and imposed a protective order prohibiting defendant from having any contact with his spouse for a period of five years. The protective order was made pursuant to Judicial Council Form CR-160 (rev. Jan. 2009), which refers to sections 136.2, 1203.097, subdivision (a)(2); 273.5, subdivision (i); and 646.9, subdivision (k) in its title. The trial court checked the box indicating section 136.2 as the statutory authority for the protective order.

Defendant filed a timely notice of appeal.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

On appeal, defendant contends, and the People concede, that the protective order was unauthorized and must be stricken. We reject defendant's contention and the People's concession.

Section 136.2 primarily authorizes trial courts to issue *prejudgment* restraining orders to protect victims and witnesses during the pendency of the criminal action in which they are issued. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 383; *People v. Stone* (2004) 123 Cal.App.4th 153, 159.)

Effective January 1, 2012, however, a new subdivision, subdivision (i) was added to section 136.2. In 2014, when defendant was sentenced, section 136.2 required trial courts to consider the issuance of *postjudgment* protective orders "[i]n all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700, a violation of Section 261, 261.5, or 262, or any crime that requires the defendant to register pursuant to subdivision (c) of Section 290 . . . ." (§ 136.2, subd. (i).) " 'Domestic violence' " is defined in section 13700, subdivision (b) as "abuse committed against . . . a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." " 'Abuse' " is defined as "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (§ 13700, subd. (a).)

Here, defendant was convicted of felony false imprisonment of his spouse. Because defendant's spouse was clearly within the class of persons protected by section 13700, we must determine whether defendant's false imprisonment conviction involved "abuse" within the meaning of section 13700.

As noted, defendant pled no contest to felony false imprisonment, a reasonably related offense to the charged offense of inflicting corporal injury on a spouse. During the change of plea hearing, the prosecutor stated that defendant, "did, with force and/or

3

violence, force [his spouse] to stay somewhere without her consent." " 'We imply all findings necessary to support the judgment, and our review is limited to whether there is substantial evidence in the record to support these implied findings.' " (*People v. Francis* (2002) 98 Cal.App.4th 873, 878.) Here, the factual basis for the plea establishes that defendant unlawfully restrained his spouse using force and/or violence. On this admittedly sparse record, the trial court could reasonably conclude that defendant intentionally or recklessly caused or attempted to cause his spouse bodily injury, or placed her in reasonable apprehension of imminent serious bodily injury to herself. (§ 13700, subd. (a).) We therefore conclude that the record supports an implied finding that defendant committed "abuse" against his spouse within the meaning of section 13700, and therefore committed a crime of domestic violence such that the protective order was authorized by section 136.2, subdivision (i). We presume, in the absence of evidence to the contrary, that the trial court knew and applied the correct statutory and case law. (*People v. Sangani* (1994) 22 Cal.App.4th 1120, 1138.)

DISPOSITION

The judgment is affirmed.

                                                    ROBIE            , Acting P. J.

We concur:


      MAURO            , J.


      DUARTE         , J.

4