Filed 10/26/15  P. v. Lucas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077623 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040811) |
| v. | |
| MICAH JAMES LUCAS, | |
| Defendant and Appellant. | |

Defendant Micah James Lucas pleaded no contest to negligent discharge of a firearm.  (Pen. Code, § 246.3, subd. (a).)[1]  The trial court placed defendant on probation for three years and, among other things, ordered defendant to have no contact with four would-be victims for a period of 10 years.  In addition to the no-contact order as a condition of probation, the court issued a criminal protective order pursuant to sections 136.2 and 646.9, subdivision (k), barring defendant from contacting the same four individuals for the same 10-year period.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends, and the People concur, that the trial court lacked authority to impose a no-contact probation condition lasting seven years longer than his three-year probationary term. Defendant also contends, and the People concur, that the 10-year protective order was unauthorized.

We agree with the parties. Accordingly, we will (1) modify the length of the no-contact probation condition to be coextensive with defendant's probationary term, and (2) strike the protective order imposed pursuant to sections 136.2 and 646.9, subdivision (k). The judgment is affirmed as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2013, defendant, age 23, armed himself with a nine-millimeter gun and drove to a frozen yogurt shop in Paradise. Jordan Russell worked in the yogurt shop. Defendant intended to kill Russell, but changed his mind when other people arrived at the shop.

Defendant drove around town, feeling angry and frustrated. Eventually, he turned down a residential street, selected at random. He came to a stop in front of a house, also selected at random. Thinking the house was vacant, defendant rolled down the window of his car and fired 10 rounds. He then drove home.

Contrary to defendant's apparent belief, the house was not vacant. Four people were inside at the time of the shooting: the owners, John and Serena Gordon, Serena's mother, Barbara Walsh, and family friend, Patricia Howell. Fortunately, no one was injured.

Several months later, a concerned citizen reported that defendant had confessed to making a plan to murder Russell and firing shots into a house in Paradise. Detectives interviewed defendant, who admitted both incidents.

On March 21, 2014, defendant was charged by complaint with one count of grossly negligent discharge of a firearm. (§ 246.3, subd. (a).) On July 24, 2014,

2

defendant entered a plea of no contest to the charged offense in exchange for probation with no immediate state prison.

On September 18, 2014, the trial court suspended imposition of sentence and placed defendant on formal probation for three years with certain conditions. Among other things, defendant was ordered, as a condition of probation, to have no contact with Russell, the Gordons, and Howell for a period of 10 years. The trial court also issued a criminal protective order pursuant to sections 136.2 and 646.9, subdivision (k), barring defendant from contacting the same four individuals for the same 10-year period.

Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends (1) the trial court lacked authority to impose a no-contact probation condition lasting seven years longer than his three-year probationary term, and (2) the trial court lacked authority to impose a 10-year protective order pursuant to section 136.2. We address defendant's contentions in turn.

First, we agree with the parties that the trial court may not impose a probation condition lasting longer than the probationary period. (§ 1203.3; *In re Acosta* (1944) 65 Cal.App.2d 63, 64 ["nowhere in the law is the court empowered to impose conditions that cannot be fulfilled and satisfied within the limit of the period of time fixed by the court as the term of probation"].) We will therefore modify the length of the no-contact probation condition to match the length of his probationary term, and to terminate upon its expiration.

Second, we agree with the parties that the trial court lacked authority to impose a 10-year protective order pursuant to section 136.2. "Section 136.2 primarily authorizes trial courts to issue *prejudgment* restraining orders to protect victims and witnesses during the pendency of the criminal action in which they are issued. [Citations.]" (*People v. Therman* (2015) 236 Cal.App.4th 1276, 1278-1279 (*Therman*).) Effective January 1, 2012, however, a new subdivision, subdivision (i) was added to section 136.2.

3

(*Therman*, at p. 1279.)  In 2014, when defendant was sentenced, section 136.2 required trial courts to consider the issuance of *postjudgment* protective orders "[i]n all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700 . . . ."  (§ 136.2, former subd. (i)(1).)  " 'Domestic violence' " is defined in section 13700 as "abuse committed against . . . a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship."  (§ 13700, subd. (b).)  " 'Abuse' " is defined as "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another."  (§ 13700, subd. (a).)  Section 136.2, subdivision (i) authorizes the imposition of a post-conviction restraining order for up to 10 years in appropriate cases.  (§ 136.2, subd. (i).)

Here, defendant was convicted by plea of negligent discharge of a firearm.  He was not convicted of a crime of domestic violence within the meaning of section 13700.  Accordingly, we conclude the protective order pursuant to section 136.2 was unauthorized.

The trial court's written order also refers to section 646.9, subdivision (k).  Section 646.9, subdivision (a) states, "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking . . . ."  (§ 646.9, subd. (a).)  Section 646.9, subdivision (k)(1), provides, "The sentencing court also shall consider issuing an order restraining the defendant from any contact with the victim, that may be valid for up to 10 years, as determined by the court."  (§ 646.9, subd. (k)(1).)  Although defendant does not raise the issue, the People properly concede that section 646.9, subdivision (k) was an improper basis to impose the order because defendant was

not convicted of stalking.  We therefore conclude the protective order was not authorized pursuant to section 646.9, subdivision (k).

## DISPOSITION

The judgment is modified to strike the criminal protective order issued pursuant to sections 136.2 and 646.9, subdivision (k).  Defendant's no-contact probation condition shall terminate upon the expiration of his probationary period.  As modified, the judgment is affirmed.

/s/
Blease, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Duarte, J.