Filed 7/15/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LYNETTE MENDOZA,<br><br>      Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO;<br><br>      Respondent;<br><br>THE PEOPLE,<br><br>      Real Party in Interest. | A170135<br><br>(San Francisco City & County<br>Super. Ct. No. 2528075;<br>App. Div. No. APP-24-8755) |

THE COURT:*

Petitioner Lynette Mendoza challenges an order denying a motion to dismiss misdemeanor charges against her. The motion was premised upon a violation of the speedy trial statute, Penal Code section 1382.[1] The superior court sought to justify its denial of petitioner's motion, as well as its denial of similar motions in other misdemeanor cases, on the ground that the ongoing effects of the COVID-19 pandemic constitute exceptional

---

* Brown, P.J., Streeter, J., and Goldman, J.

[1] Further statutory references are to the Penal Code unless otherwise specified.

and extraordinary circumstances warranting a finding of good cause for the delay.

Regardless of the merits of the superior court's position, the factual question of whether there was good cause for the delay is not properly before this court. The People not only failed to satisfy their burden to demonstrate good cause for delay but actually concede there was no good cause. Even assuming the court acted within its discretion in disregarding the People's failure to meet their burden on the motion, there is no competent evidence to support the court's order. Under these circumstances, we must direct the superior court to grant the motion to dismiss.

## BACKGROUND

In a misdemeanor complaint filed on October 14, 2021, petitioner was charged with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b)), and a traffic infraction (Veh. Code, § 24250), along with allegations associated with the first two charges relating to petitioner's blood alcohol content (Veh. Code, §§ 23538, subd. (b)(2), 23578)). On February 7, 2023, petitioner withdrew her general time waiver and requested a speedy trial. The court set March 9, 2023 as the last day for trial.

On March 9, 2023, the superior court continued petitioner's trial to June 9, 2023, three months past the statutory deadline, as part of a "batch" of trial continuances that were supported by a standard order finding good cause for the continuance due to the

COVID-19 pandemic.  Petitioner objected.  The trial was later continued to August 8, 2023, although the court did not explain the reason for the continuance and made no finding of good cause. On August 8, 2023, the court denied petitioner's motion to dismiss "for the reasons stated in the written order."  The matter was continued again to October 6, 2023.

Both sides announced they were ready to proceed on October 6, 2023.  The court stated it was "going to pass" the case and later continued the trial to October 12, 2023, along with a "batch" of other cases.  On October 12, 2023, the court announced that October 16, 2023 was the last day for trial but then later continued the trial again to November 8, 2023, "pursuant to its COVID order."  The court subsequently continued the trial to January 17, 2024 and set a new last day for trial of January 29, 2024.  The court offered no explanation to justify the delay.

When the case was called on January 17, 2024, the court announced it had no available courtrooms and continued the matter to March 15, 2024.  The court noted it took this action over petitioner's objection and denied a motion to dismiss under section 1382 without prejudice pending further briefing by both parties.

Petitioner thereafter filed a motion to dismiss for a statutory speedy trial violation.  (§ 1382.)  Petitioner pointed out that the various COVID-19 emergency orders issued by the City of San Francisco, the Chief Justice, and the Governor, among others, had long since expired.  Petitioner argued that the court had failed to use available courtrooms in San Francisco's Civic

3

Center courthouse, which ordinarily hosts civil matters but is available for misdemeanor trials because they do not present the same security concerns as felony trials. Petitioner also contended that Sheriff's Department staffing issues could not account for the underuse of the Civic Center courthouse and argued that the misdemeanor calendar department's irregular calendaring practices had driven the backlog of cases. Petitioner presented an extensive documentary record to support her motion along with supporting declarations.

The People filed a response to the motion to dismiss conceding there was not an "evidentiary record on which to argue there is a reasonable delay for the misdemeanor backlog at this time." The People pointed out that they had opposed hundreds of motions to dismiss pursuant to section 1382 in the past few years that relied on extensive records made by the superior court finding good cause for delay based on the COVID-19 pandemic. But the People stated that the more recent motions to dismiss misdemeanor cases, including this one, did not have the same record in support of a finding of good cause as when the People opposed dismissals under section 1382 in felony cases. Among other things, the People observed that additional time had passed since the pandemic officially ended and that the superior court had only opened the Civic Center courthouse to misdemeanor trials in January 2024 without a record of why that was not done earlier.

At a hearing on March 15, 2024, the superior court denied petitioner's motion to dismiss. The court prepared a

4

standardized 19-page order denying section 1382 motions to dismiss in misdemeanor cases.  This standard order was customized to include the case number and petitioner's name in the caption but otherwise contained no facts specific to this case.

In the standard denial order, the court found that it had "taken extraordinary and timely measures to recover from the backlog of cases arising during the COVID-19 pandemic and further [found] that there has been and continues to be good cause for addressing the misdemeanor backlog for matters previously continued through June 2024."  As support for its order, the court took judicial notice of the findings contained in "all" orders related to the COVID-19 pandemic issued by the Governor, the Mayor of San Francisco, the Chief Justice, and the Judicial Council, among others.  The court also relied on documents filed in 2022 by the People in a writ proceeding in the First District Court of Appeal.  The court's order purports to set forth facts demonstrating continuing staffing challenges in the wake of the COVID-19 pandemic.  None of the facts cited in the court's order is supported by a citation to a declaration or other document providing an evidentiary foundation for the asserted fact.  According to the court, the backlog of misdemeanor cases past their last statutory day for trial had reached a high of 1,010 in June 2023 but had decreased to 750 by the end of 2023 and was reduced further to 358 as of early March 2024.

The trial court cited and relied on *Hernandez-Valenzuela v. Superior Court* (2022) 75 Cal.App.5th 1108 (*Hernandez-Valenzuela*), a decision in which a divided panel of Division Three

5

of this court found good cause to continue felony cases past their statutory deadline due to the impact of the COVID-19 pandemic. Although the trial court acknowledged the statement in *Hernandez-Valenzuela* that it cannot " 'perpetually' " rely on the COVID-19 pandemic " 'to avoid dismissal under section 1382' " (*id.* at p. 1135), the court nevertheless found good cause for continued delay attributable to the COVID-19 pandemic. The court found that, given the circumstances, the "limit of good cause" for delaying misdemeanor cases would be June 2024. The court concluded the delay was not caused by "chronic court congestion" but was instead the result of a "global pandemic, the ongoing effects of which constitute exceptional and extraordinary circumstances warranting a finding of good cause."

Petitioner sought writ relief in the appellate division of the superior court. That court summarily denied the writ petition, noting only that, "[i]f the Court of Appeal wishes to expand upon *Hernandez-Valenzuela*[, *supra*,] 75 Cal.App.5th 1108, it may do so."

Following that denial, petitioner filed a petition for writ of mandate or prohibition in this court along with a request to stay an imminent trial. (See Code Civ. Proc., § 904.3 [Court of Appeal may review a decision of the superior court appellate division granting or denying a petition for writ of mandate or prohibition directed to the superior court].) We issued an immediate stay of trial and requested preliminary briefing. We also gave notice that we might issue a peremptory writ in the first instance. (See

6

*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 (*Palma*).)

In response to our briefing order, the People filed a response agreeing with petitioner that there was no good cause shown to continue the case beyond the statutory last day to commence trial. The People concede that the superior court should have dismissed the case under section 1382.

## DISCUSSION

Section 1382 prescribes certain time periods within which a criminal defendant must be brought to trial. (§ 1382, subd. (a).) In a misdemeanor case, a court "shall" dismiss the action if it is not brought to trial within the time specified in section 1382 "unless good cause to the contrary is shown" or the defendant otherwise waives the statutory time period or consents to commencing trial beyond the statutory last day to do so. (§ 1382, subd. (a).) The prosecution bears the burden of demonstrating good cause for any delay. (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 780–781; *People v. Johnson* (1980) 26 Cal.3d 557, 569, fn. 12; *Hernandez-Valenzuela, supra,* 75 Cal.App.5th at p. 1123.) "[A] broad variety of unforeseen events may establish good cause under section 1382." (*People v. Hajjaj* (2010) 50 Cal.4th 1184, 1198.) However, delay attributable to court congestion or improper court administration does not constitute good cause. (*Johnson,* at p. 570.) We review the court's good cause determination for abuse of discretion. (*Hajjaj,* at pp. 1197–1198.) When the superior court denies a motion to dismiss under section 1382, "the defendant may seek pretrial writ review

without demonstrating prejudice from the delay of trial." (*People v. Egbert* (1997) 59 Cal.App.4th 503, 512.)

Here, the prosecution did not attempt to satisfy its burden to establish good cause for the extensive delay in bringing petitioner's case to trial. Indeed, the People concede that they could not show good cause for the delay and contend that the superior court should have dismissed the action. Under the circumstances, the court abused its discretion in denying the motion to dismiss.

We acknowledge that there are times when it may be appropriate for a court to reject a concession offered by the People, such as when, on appeal, the People erroneously admit trial court error. (See, e.g., *People v. Therman* (2015) 236 Cal.App.4th 1276, 1278 [rejecting People's concession that court lacked authority to impose challenged order]; cf. *Bradley v. Clark* (1901) 133 Cal. 196, 210 [court is "not bound by" concession, "our duty being to declare the law as it is"].) That is not the situation we have before us. Here, the People had the burden of establishing good cause for delay and coming forward with evidence to meet that burden. What occurred was not a matter of the court refusing to accept an erroneously offered concession on a point of law. Instead, the court went beyond its proper judicial role, stepped into the shoes of the prosecution, and attempted to satisfy the People's evidentiary burden to show good cause for delay.

Even if the People had tried to satisfy their burden by marshalling the same facts the court relied upon by judicial

8

notice, the order entered here would still lack proper evidentiary foundation.  Although a court may take judicial notice of the *existence* of court and other government records (Evid. Code, § 452, subds. (c) & (d)), it may not take notice of the *truth* of the statements contained in those records.  (*Barri v. Workers' Comp. Appeals Bd.* (2018) 28 Cal.App.5th 428, 437; *In re Joseph H.* (2015) 237 Cal.App.4th 517, 541; *Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 120–121.)  And a court may not rely on its own unauthenticated court records to conclusively establish facts about staff absences, COVID-19 exposures, and shortages of bailiffs or other court staff.[2]  Nor was it proper to rely on facts stated in past "good cause" findings or public health orders.  Further, "[i]t is improper to rely on judicially noticed documents to prove disputed facts because judicial notice, by definition, applies solely to undisputed facts." (*Barri*, at p. 437.)  The court's order flouts this principle by mounting a point-by-point rebuttal to petitioner's arguments in her motion to dismiss.[3]  After the prosecution declined to present evidence showing good cause for the delay, the court erred by

---

[2] It appears the court simply took notice of court personnel records to reach its factual conclusions.  There are no declarations authenticating records or purporting to provide context or support for the court's conclusions.

[3] In addition, there is no indication the court complied with Evidence Code section 455, subdivision (a), which requires the court to afford parties the opportunity to address the propriety of taking judicial notice and the tenor of the matter to be noticed when the court seeks to take judicial notice on its own motion of any matter "that is of substantial consequence to the determination of the action."

9

"attempt[ing] to fill in the blanks" by using judicial notice. (*People v. Banda* (2018) 26 Cal.App.5th 349, 360.) In the absence of the court's improper attempt to take judicial notice of disputed facts, there is no support for the factual findings in the court's order.

Despite the infirmities in the court's order, the appellate division of the superior court summarily denied writ relief and effectively invited the Court of Appeal to revisit *Hernandez-Valenzuela* in light of the facts of this case. We decline to do so. Because there is no support for the court's factual findings, this case is not a proper vehicle to address the merits of the court's assertions. We express no view on whether the facts recited in the court's order, if true, would support a finding of good cause for the delay.

In its order, the court implied that the prosecution may have had an ethical duty to dismiss the case in light of the prosecution's view that petitioner's statutory speedy trial rights had been violated. We need not be drawn into this thicket regarding anyone's ethical obligations — the court had its own boundaries to abide by, as we have pointed out — since all of that is unnecessary to our decision. We observe, however, that even when a prosecutor is not obliged to request a dismissal in a particular instance, the prosecutor retains the discretion to seek dismissal "in furtherance of justice." (§ 1385, subd. (a).) It is also noteworthy that what precludes us from considering this matter on the merits is the People's decision to concede that no good cause exists. Had the People opposed the motion and attempted

10

to satisfy their burden to demonstrate good cause — assuming a good faith argument could be made for that position — this court would likely have had a proper record on which to consider the merits of the motion to dismiss.  Instead, the People's approach effectively amounts to an abandonment of the prosecution because it compels dismissal of this action and potentially hundreds of other misdemeanor cases.

We have reached our decision after notice to all parties that we might act by issuing a peremptory writ in the first instance and after considering the response from real party in interest. (*Palma, supra,* 36 Cal.3d at p. 180.)  Petitioner's right to relief is obvious and no purpose would reasonably be served by plenary consideration of this issue.  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

As a final matter, we take the unusual step of publishing this *Palma* opinion despite the fact petitioner's right to relief is obvious and the opinion does not necessarily break new legal ground.  If the facts in the court's order are to be credited, there are potentially hundreds of misdemeanor cases in superior court that are beyond the statutory last day to commence trial under section 1382.  It appears that many of the defendants in those cases sought dismissal on the same basis as petitioner.  And, based on the record in this case and the three nearly identical writ petitions pending in the First District Court of Appeal,[4] the

---

[4] On the court's own motion, we take judicial notice of the existence of the following original writ proceedings pending in the First District Court of Appeal:  *Leibrand v. Superior Court,*

11

superior court is apparently denying all similar section 1382 motions in misdemeanor cases with the same standard order used in this case. According to the People, the appellate division of the superior court has stayed trial in additional misdemeanor cases raising the same claims as those in this writ proceeding. An unpublished decision in this case has no binding effect in other cases, no matter how similar they may be. By publishing this case on a "legal issue of continuing public interest" (Cal. Rules of Court, rule 8.1105(c)(6)), we give it *stare decisis* effect and create binding precedent that the superior court and its appellate division are obliged to follow.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of March 15, 2024 denying petitioner Lynette Mendoza's motion to dismiss pursuant to section 1382 and to enter a new and different order granting the motion. The stay of trial previously imposed by this court shall remain in effect until the remittitur issues.

*Mendoza v. Superior Court* (A170135)

A170134; *Bauer v. Superior Court*, A170163; *Bonner v. Superior Court*, A170183.

| | |
|---|---|
| Trial court: | San Francisco City & County Superior Court |
| Trial judge: | Hon. Victor Hwang |
| Counsel for petitioner: | Manohar Raju, Public Defender |
| | Matt Gonzalez, Chief Attorney |
| | Oliver Kroll, Deputy Public Defender |
| Counsel for respondent: | No appearance |
| Counsel for real party in interest: | Brooke Jenkins, District Attorney |
| | Natalie Fuchs, Assistant District Attorney |