Filed 12/9/25  P. v. Johnson CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES JOHNSON, JR.,<br><br>    Defendant and Appellant. | F088857<br><br>(Super. Ct. No. CF86353561)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Hon. Alvin M. Harrell III, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 1986, defendant James Johnson, Jr., pleaded guilty to the murder of Pilar Johnson,[1] a 13-year-old girl. In 2023, defendant filed a petition for resentencing under Penal Code section 1172.6.[2] After appointing counsel and holding an evidentiary hearing, the trial court denied defendant's petition. On appeal, defendant argues the court failed to follow the requirements of section 1172.6 because it did not find that a jury would still find him guilty beyond a reasonable doubt under a valid theory of murder. We affirm.

## BACKGROUND

*Events of 1986*

Pilar was discovered murdered in June 1986. An investigation led to the arrest of three men—defendant, Vincent Crama, and Thomas Hutchinson (a minor at the time). The District Attorney of Fresno County filed an information on June 19, 1986, charging defendant with murder (§ 187; count one), rape (former § 261, subd. (2); count two), a lewd and lascivious act against a child (§ 288, subd. (b); count three); and rape in concert (former §§ 261, subd. (2), 264.1; count four). The information also alleged defendant murdered Pilar while engaged in the commission and attempted commission of a rape and personally used a deadly weapon as to count one.

In August 1986, defendant pleaded guilty to murder and admitted personally using a deadly weapon in exchange for dismissing the other special circumstance and the three other counts. The prosecutor informed the trial court that the factual basis for the offense was as follows:

> "On June 14, 1986, [defendant], Vincent Seth Crama, and a juvenile by the name of Thomas Hutchinson were together and made contact with [Pilar], who was thirteen at the time. And the four of them agreed to go

---

[1] Because defendant and Pilar Johnson shared the same last name, we refer to Pilar by her first name to avoid confusion. No disrespect is intended.

[2] Undesignated statutory references are to the Penal Code.

2.

down … on Belmont [Street] and for her to go into clubs and entice someone out under the guise of having sex and then when they got out to rob them, that type of thing.  They tried that at a few clubs unsuccessfully.  Then it was decided—and there is some controversy here—it was decided she would have sex with one or more of the three.  There is some evidence that she had sex voluntarily with one of the three.  Other evidence she had no sex voluntarily with any of the three.  At any rate, [the] sexual act was about to happen [when] the three of them decided for one reason or another to beat her up and stab her and kill her.  And it was in the course of her deciding whether or not to have sex or in the act of having sex that the killing, the beating and the stabbing took place.  The beating took place by all three of them kicking and hitting her, and the stabbing took place by the use of a knife by one or more … of them.  And as a result of that beating and kicking[,] she died on June 14, 1986."

In August 1987, defendant was sentenced to a total term of 26 years to life.

*Petition for Resentencing*

On August 14, 2023, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[3]

On November 15, 2023, the trial court found that defendant had made a prima facie case for relief and appointed him counsel.

*Evidentiary Hearing*

On October 8, 2024, the trial court held an evidentiary hearing on defendant's petition for resentencing.  Retired Fresno Police Detective Henry Jacobo was the only witness to testify at the hearing.

Jacobo testified that he had investigated the death of Pilar.  Jacobo recalled seeing large bruises on the right side of Pilar's mouth and cheek, bruising around her stomach, and cuts/lacerations on her neck.  After defendant had been read *Miranda*[4] warnings, he agreed to speak to Jacobo.  Eventually, defendant told Jacobo that defendant, Crama, and Hutchinson determined that Pilar would be a witness against them for raping her and they

---

[3]     Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

[4]     *Miranda v. Arizona* (1966) 384 U.S. 436.

did not want to be arrested for rape. Hutchinson stated that the three men might as well kill Pilar because she knew them by name and sight. At some point, defendant made a similar statement about killing Pilar.

Hutchinson threw Pilar to the ground and began kicking and striking her. Defendant admitted he kicked and hit Pilar several times on the right side of her head. Crama also admitted striking Pilar on the left side of her face. Defendant admitted he punched Pilar so that she would not testify against the three men for rape. Defendant told Jacobo that Hutchinson took out a knife and sliced at Pilar's throat. Defendant took the knife from Hutchinson and began slicing at Pilar's throat four or five times using his left hand. Jacobo testified the autopsy showed the slice marks on Pilar's throat were from left to right. Jacobo also testified the coroner determined Pilar's cause of death was blunt force trauma and, because only two of the multiple slashes on Pilar's throat penetrated the skin, she did not die due to knife wounds.

### Trial Court's Decision

On October 18, 2024, the trial court held a hearing and orally denied the defendant's petition. The court indicated it had considered the testimony from the prior hearing, the record presented, the arguments of counsel, and the provisions of section 1172.6. The court found the first two elements for relief under section 1172.6— (1) an information or indictment was filed for murder that allowed the prosecution to proceed under felony murder, murder under natural and probable consequences, or another theory based on imputed malice and (2) defendant accepted a plea offer in lieu of trial for murder—were satisfied. However, the court found the third element for relief under section 1172.6—that defendant could not presently be convicted of murder due to

4.

statutory changes effective on January 1, 2019—had not been met. Specifically, the court found:

> "The stipulated record is that [defendant] pled [guilty] to a violation of Penal Code section 187 in the first degree. He also admitted to the use—personal use of a deadly weapon ….

> "Now, the victim in this case, Pilar Johnson, a very young female, suffered not only slices at the neck and so forth from a knife, but she also was beaten both with use of hands and feet, by not one, not two, but all three of the codefendants, they were acting in concert.

> "The testimony from the pathologist relying on upon the records from the autopsy in this case, the opinion was the that the manner of death was homicide and the cause of death was blunt force trauma, it was not the knife. So it's not a situation where we have to decide who utilized the knife, made the fatal stab wound or slice. This is a situation where it was blunt force trauma that killed this young lady and, again, we have three men engaged in that behavior in a concerted effort.

> "Based on this situation, the Court is satisfied that this is not a situation where there is vicarious liability, there is any implied liability. The liability is direct. [Defendant], unfortunately decided, made a very poor decision in participating in this offense, in this murder with his codefendants with the use of his hands and his feet, and again, he is responsible directly for this murder. So for those reasons, the Court is going to respectfully deny the petition."

Defendant appealed the trial court's decision on October 25, 2024.

## DISCUSSION

### I. Parties' Arguments

Defendant argues: (1) Section 1172.6, subdivision (d)(3) required the trial court to decide whether the prosecution had proved beyond a reasonable doubt that he was guilty of murder; (2) The court failed to find whether he was guilty beyond a reasonable doubt and instead improperly found retroactively that no prima facie case had been made; (3) The trial court failed to make any determinations regarding his mental state when

5.

Pilar was killed; and (4) Remand is necessary for the court to make the necessary section 1172.6 findings.

The People argue the trial court understood its obligations under section 1172.6 and contend the court evaluated all of the evidence and determined beyond a reasonable doubt that defendant was guilty of murder as a direct perpetrator. The People further argue substantial evidence supports the court's findings.

## II. Legal Standard

In 2019, the Legislature altered the substantive law of murder by (1) narrowing the scope of the felony-murder rule and, (2) for nonfelony murder cases, requiring that a principal in a crime must act with malice aforethought but prohibiting malice from being imputed to a person solely because of his participation in a crime. (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449; see *People v. Emanuel* (2025) 17 Cal.5th 867, 879–880.) The Legislature also provided for a petition for resentencing to those who had been previously convicted of murder under a theory amended by the 2019 law. (§ 1172.6; *Emanual*, at p. 880; *Curiel*, at p. 449.) If a defendant files a petition for resentencing that includes an attestation that they could not presently be convicted for murder or attempted murder in light of the 2019 legislative changes and the trial court finds that the defendant has made a prima facie case for relief, then the trial court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (a)(3), (c), (d); *Emanuel*, at p. 880; *Curiel*, at pp. 449–450.) At the evidentiary hearing, the prosecution bears the burden to prove beyond a reasonable doubt that the defendant is guilty of murder or attempted murder under existing law. (§ 1172.6, subd. (d)(3); *Emanuel*, at p. 880; *Curiel*, at p. 450.) At the evidentiary hearing, the trial court acts as an independent factfinder (see *People v. Henley* (2022) 85 Cal.App.5th 1003, 1015–1016), and it may consider the evidence admitted at the defendant's prior trial as well as new or additional evidence offered by the parties (*People v. Oyler* (2025) 17 Cal.5th 756, 836). If the prosecution fails to meet its burden, then the defendant's murder conviction must be vacated, and the

defendant will be resentenced on any remaining charges. (*Emanuel*, at p. 880; *Oyler*, at p. 836.)

### III.    Analysis

We agree with defendant that, when it denied defendant's petition, the trial court did not state that the prosecution had established murder under existing law "beyond a reasonable doubt." However, the general rule is that trial courts are presumed to have been aware of and followed the applicable law. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398; *People v. Picazo* (2022) 84 Cal.App.5th 778, 802.) This includes presuming that a trial court was aware of, followed, and applied the proper burdens and standards of proof. (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913–914; *People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 662.)

There is nothing in the record before us that indicates the court failed to understand or follow its obligation to determine whether the prosecution met its burden and established defendant was guilty of murder beyond a reasonable doubt. To the contrary, the trial court expressly stated that it had reviewed section 1172.6 and even quoted parts of that statute. The court's statement about and quotation from section 1172.6 indicate that the court was well aware of the reasonable doubt standard of proof that the prosecution was required to meet. Therefore, we read the court's order as impliedly finding beyond a reasonable that defendant was guilty of murder; the court's failure to expressly use the term "beyond a reasonable doubt" when it denied defendant's petition is of no consequence. (See *People v. Bryant, Smith and Wheeler, supra*, 60 Cal.4th at p. 398; *Ross v. Superior Court, supra*, 19 Cal.3d at pp. 913–914; *People v. Picazo, supra*, 84 Cal.App.5th at p. 802; *People v. Abdelsalam, supra*, 73 Cal.App.5th at p. 662.)

Defendant argues that the court retroactively revoked its prior determination that defendant had made a prima facie showing of relief. We disagree. The court made its findings and conclusions after examining the written record, listening to the arguments of

the parties, and listening to the live testimony of Jacobo. Jacobo's testimony showed that Johnson agreed with Hutchinson and Crama to kill Pilar so that she would be unable to identify them as the men who raped her. In order to kill Pilar and ensure that she would not be able to testify, defendant slashed her throat, as did Hutchinson one time, and kicked and beat her, as did Hutchinson and Crama. This testimony indicates that defendant is guilty of murdering Pilar under either a direct aiding and abetting theory (see *In re Lopez* (2023) 14 Cal.5th 562, 585; *People v. Gentile* (2020) 10 Cal.5th 830, 850) or a substantial cause theory (see *Gentile*, at p. 850; *People v. Jennings* (2010) 50 Cal.4th 616, 643), both of which remain valid theories for murder under existing law. (*People v. Reyes* (2023) 14 Cal.5th 981, 988–990; *Gentile*, at p. 850). Simply because the court found that defendant could still be convicted of murder after considering new evidence from the evidentiary hearing does not mean the court retroactively reversed itself; it simply means that the prosecution ultimately met its burden after presenting additional evidence.

Finally, defendant argues the trial court did not discuss his mental state during the death of Pilar. However, the court expressly stated that defendant decided to participate in the murder of Pilar. This indicates the court impliedly found that defendant intended to kill Pillar. (See *People v. Therman* (2015) 236 Cal.App.4th 1276, 1279 [reviewing courts imply all necessary findings to support a judgment if substantial evidence supports the implied findings]; *People v. Francis* (2002) 98 Cal.App.4th 873, 878 [same]; see also *People v. Vargas* (2022) 84 Cal.App.5th 943, 951.) Substantial evidence supports such an implied finding. Jacobo testified to statements made by defendant to the effect that defendant, Crama, and Hutchinson determined that Pilar could be a witness against them, defendant and Hutchinson said that the three "might as well kill [Pilar]" because she could identify them, and defendant said he attacked Pilar to keep her from testifying. Jacobo also testified that defendant admitted to slashing Pilar's throat multiple times and kicking and punching Pilar in concert with Crama and Hutchinson. This testimony

strongly shows that defendant had the intent to kill Pilar. Therefore, we read the court's decision as impliedly finding that defendant intended to kill Pilar. (See *Vargas*, at p. 951; *Therman*, at p. 1279; *Francis*, at p. 878.)

In sum, defendant has not shown that the trial court failed to properly apply section 1172.6.

## DISPOSITION

The trial court's order dismissing defendant's section 1172.6 petition for resentencing is affirmed.

HILL, P. J.

WE CONCUR:

LEVY, J.

SNAUFFER, J.

9.